IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEANGELO DUPREE SETTLES SR., | ) ) ) | 8:15CV82 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| UNKNOWN KOSTZEWA, CPL, UNKNOWN REIMERS, S/S, UNKNOWN PLASEK, VCW, UNKNOWN FLEURY, SGT, UNKNOWN DODDS, UM, BARBARA LEWIEN, Warden, NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, and MIKE KENNEY, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This action was filed by DeAngelo Dupree Settles ("Plaintiff"), a *pro se* litigant incarcerated at the Omaha Correctional Center ("OCC") in Omaha, Nebraska. The court previously granted Plaintiff permission to proceed *in forma pauperis* in this action. The court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

This is a prison discipline case brought pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages against prison officials, claiming they violated his right to due process and equal protection.

On November 23, 2014, Defendant Plasek, a guard, issued a misconduct report. She alleged she saw Plaintiff drop a piece of paper. She confiscated the paper and determined it contained "suspected synthetic THC." (Filing No. 1 at CM/ECF pp. 7-8.) On December 4, 2014, following a hearing, an institutional disciplinary committee found Plaintiff guilty of drug or intoxicant abuse and sentenced him to 30 days' room restriction and a one-month loss of good time. (*Id.* at CM/ECF p. 9.)

Plaintiff appealed the committee's decision on December 10, 2014. On December 30, 2014, the Nebraska Department of Correctional Services Appeals Board reversed the committee's decision, finding there was insufficient evidence presented at the hearing to establish drug or intoxicant abuse. (*Id.* at CM/ECF pp. 9, 27.) On January 14, 2015, OCC officials placed Plaintiff on drug offender classification status, which resulted in a 30-day suspension of visiting and telephone privileges. (*Id.* at CM/ECF p. 9.)

Plaintiff complains that (1) he was found guilty of conduct that was not prohibited by the relevant jail rules and regulations, (2) the lab technician who tested the suspected THC also served on the institutional disciplinary committee, which created a conflict of interest, (3) he was denied the opportunity to present documentary evidence at his hearing before the institutional disciplinary committee, (4) the individuals he called as witnesses were not present in person at the hearing, (5) he was denied the opportunity to inspect the lab reports and other materials, and (6) his hearing before the institutional disciplinary committee was held eight days after he was found with the suspected THC, but jail rules require that such a hearing occur within seven days. (*Id.* at CM/ECF pp. 10-14.) For relief, Plaintiff asks for compensatory damages in the amount of $250,000, and punitive damages in the amount of $250,000. (*Id.* at CM/ECF p. 17.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, the plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under

3

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff alleges a violation of his right to due process under the Fourteenth Amendment. As discussed above, an appellate board reversed the decision of the disciplinary committee. But it did so *after* Plaintiff had served 25 days of his 30-day sentence to room restriction. Thus, the initial question before the court is whether Plaintiff is entitled to damages for the 25 days he spent in room restriction prior to the appellate board's reversal of the case against him.

To prevail on his due process claim, Plaintiff must establish that he was deprived of a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). To show he was deprived of a protected liberty interest, Plaintiff must identify conditions that impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484. An inmate has no protected liberty interest in remaining in the general prison population absent a showing of discipline in segregated confinement that amounts to an atypical, significant deprivation. *Id.*

Plaintiff's 25 days of room restriction plainly does not rise to the level of atypical and significant. *See Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (per curiam) (inmate was not deprived of liberty interest during nine months in administrative segregation). Indeed, even placement in segregation *without cause* is not itself an atypical or significant hardship. *Id.*; *see also Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (finding that a prisoner had no constitutionally protected liberty interest in remaining in less restrictive prison environment); *Kennedy v. Blankenship*, 100 F.3d 640, 642 n. 2, 643 (8th Cir. 1996) (stating that punitive isolation is not an atypical and significant deprivation). Plaintiff's 30-day suspension of visiting and telephone privileges also plainly does not rise to the level of atypical

4

and significant. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (finding denial of visitation, exercise privileges, and religious services during 37-day segregation did not give rise to a protected liberty interest); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 (8th Cir. 1996) (holding that 30 days in punitive segregation, which included the suspension of mail, telephone, visitation, and commissary privileges, was not an atypical and significant hardship under *Sandin* and there is no federal constitutional liberty interest in having prison officials follow prison regulations).

In sum, none of the challenged sanctions constitute an atypical and significant hardship in relation to the ordinary incidents of prison life so as to give rise to a constitutionally protected liberty interest. While Plaintiff also claims OCC officials' actions deprived him of equal protection, his argument fails because he did not allege he was treated differently than similarly situated individuals. *See Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) (for equal protection claim, plaintiff must allege different treatment of similarly situated individuals).

For the reasons discussed above, Plaintiff's claims may not proceed to service of process against any of the named defendants. On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that states a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days in which to file an amended complaint that states a claim upon which relief may be granted. The court will dismiss this case without further notice to Plaintiff if he fails to file an amended complaint in accordance with this order.

2. The clerk of the court is directed to set the following pro se case management deadline: August 5, 2015: check for amended complaint.

DATED this 6th day of July, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.