IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DEANGELO DUPREE SETTLES SR., | ) | 8:15CV82 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| UNKNOWN KOSTZEWA, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on review of the Amended Complaint (Filing No. 10) filed by DeAngelo Dupree Settles ("Plaintiff"). For the reasons explained below, the court will dismiss this action with prejudice.

The court conducted an initial review of Plaintiff's Complaint (Filing No. 1) on July 6, 2015 (Filing No. 7). The court summarized the factual allegations underlying this federal action in its initial review of Plaintiff's Complaint. (*See* Filing No. 7 at CM/ECF pp. 1-2.)

Plaintiff filed the Amended Complaint at issue here on November 9, 2015. As he did in his Complaint, Plaintiff seeks relief because Defendant Plasek lodged "false" drug charges against him, charges for which he was later acquitted. This allegation does not state a cognizable claim under 42 U.S.C. § 1983. A prisoner does not have a constitutional right to be free from falsified disciplinary reports. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (claims based on the falsity of charges, standing alone, do not state constitutional claims); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("[A] prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-1141 (7th Cir. 1984) (allegations of a false or fabricated disciplinary charge against an inmate fail to state a claim under § 1983); *see also Buckley v. Gomez*, 36 F.Supp.2d 1216,

1222 (S. D. Cal. 1997) (citing *Freeman* and noting that "courts have held that a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports.").

In addition, as he did in his Complaint, Plaintiff alleged that he was deprived of various procedural due process protections during the events that followed Plasek's false charge against him. However, as the court discussed in its initial review of Plaintiff's Complaint, Plaintiff did not allege he suffered an atypical and significant hardship that would implicate a liberty interest and entitle him to procedural due process protections. (*See* Filing No. 7 at CM/ECF pp. 4-6.) Therefore, for the reasons discussed in this order and in the court's order dated July 6, 2015 (Filing No. 7), the court will dismiss this case with prejudice.

IT IS THEREFORE ORDERED that: This action is dismissed with prejudice for failure to state a claim on which relief may be granted. The court will enter judgment by a separate document.

DATED this 22nd day of February, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge